DAVID BRUCKHEIMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102343.   Promulgated February 3, 1942.

*Andrew B. Trudgian, Esq.,* and *Sidney I. Roberts, Esq.,* for the petitioner.

*Allen T. Akin, Esq.,* for the respondent.

## OPINION.

HARRON: The basic question is whether on the distribution to him of the 72.51 shares of the corporation's stock in the taxable year petitioner received taxable income in the amount of $13,587.65, the fair market value of the shares. On his return for the taxable year petitioner did not include any amount in taxable income on account of the receipt of the 72.51 shares. Respondent included the fair market value of the 72.51 shares in taxable income for the taxable year, with the explanation that the shares constituted taxable income under section 115 (f) of the Revenue Act of 1936, the pertinent provisions of which are set forth in the margin.[1] In his brief respondent contends that the distribution of the 72.51 shares was either a taxable dividend in property or a taxable stock dividend, and, consequently, the fair market value of the 72.51 shares of stock was includable in taxable income. The respondent included in petitioner's taxable income $13,587.65.

Respondent argues that the stock dividend in question was income because it was paid in treasury stock which the corporation had purchased out of its surplus. Respondent says in his brief:

The Commissioner's position in this case is based on the proposition that the petitioner received a portion of the corporation's surplus for his own use and benefit when the 72.51 shares of stock were received by him, that he received something of exchangeable value, severed from his investment, and that he

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(f) STOCK DIVIDENDS—

(1) GENERAL RULE.—A distribution made by a corporation to its shareholders in its stock or in rights to acquire its stock shall not be treated as a dividend to the extent that it does not constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution.

\*　　\*　　\*　　\*　　\*　　\*　　\*

had been given an interest in the corporation different from that which his former stock holding represented.

Respondent's theory is founded upon the broad proposition that a stock dividend paid in treasury stock should not be treated differently, for income tax purposes, from any dividend paid in property of the corporation. Respondent contends that the stock dividend in question constituted income to the petitioner within the reasoning of *Koshland* v. *Helvering*, 298 U. S. 441.

It should be pointed out that the Commissioner does not question the *bona fides* of the transaction. Cf. *Ruphane B. Iverson*, 29 B. T. A. 863. He recognizes the transaction, in all the steps which were taken, and he agrees that the stock dividend was paid out of treasury stock. However, he regards the stock in question as having been acquired by the corporation as an "investment in treasury stock."

The taxable year is 1937. The Commissioner promulgated Regulations 94 relating to the Revenue Act of 1936. Respondent cites Article 27 (c)–1 of Regulations 94.[2] The Commissioner has ruled that if a dividend is paid in "property", other than money, constituting its corporate assets, then the dividend is a taxable dividend. The term "property" is broadly defined to include shares of capital stock of the corporation "if such shares of stock are held by it as an investment." The regulation then injects a presumption to the effect that shares of capital stock once issued but later reacquired in any manner, but not retired, "shall be deemed to be held by the corporation as an investment." Respondent, applying this regulation here, has determined that the stock which the corporation reacquired by purchase from the Bruckheimer estate was "property" of the corporation constituting part of its corporate assets.

In commenting upon the above ruling, the following is stated in Paul & Mertens, Law of Federal Income Taxation, Cum. Supp. 1939, p. 294, par. 8.82:

Whether this regulation is of constitutional validity in its application to distributions of Treasury common stock, to holders of common stock, would

---

[2] ART. 27 (c)–1. *Dividends in kind.*—Section 27 (c) imposes limitations upon the extent to which dividends paid in assets (other than money) may be recognized for purposes of determining the amount of the dividends paid credit. Irrespective of the form of the corporate resolution by which a dividend is declared, if the dividend is ultimately and actually paid by the corporation in any property other than money, constituting its corporate assets, the amount of the dividends paid credit to which the corporation is entitled with respect thereto can not exceed the lesser of the two following amounts determined as of the time of payment:

(1) The adjusted basis of such property in the hands of the corporation as provided for in section 113; or

(2) The fair market value of such property.

As used in this article the term "property" includes shares of capital stock of the corporation making the dividend distribution if such shares of stock are held by it as an investment. Unless shown to the contrary, shares of capital stock once issued but thereafter acquired by the corporation in any manner whatsoever, but not retired, shall be deemed to be held by the corporation as an investment. * * *

seem to depend on whether Treasury shares are truly assets of the corporation in such sense as to be accorded like treatment with shares of another corporation held by the issuing corporation.

The comment indicates the importance of the question.

In *James Kay*, 28 B. T. A. 331, involving similar facts, except that the corporation there did not treat its own stock which it purchased as treasury stock, we held that stock distributed out of stock purchased by a corporation for its own account constituted a stock dividend. In the result reached in that case the stock dividend in question was a nontaxable stock dividend. That opinion was promulgated on June 8, 1933, which was prior to the decision in the *Koshland* case, *supra*, the revision in the Commissioner's regulations, and the elimination from the statute of the broad provision exempting stock dividends from tax. See section 115 (f) (1) and section 27 (c) of the Revenue Act of 1936. Cf. section 115 (f) of the Revenue Act of 1934. It appears, therefore, that we should reexamine the question, under the facts of this case.

The corporation involved here had only one kind of stock outstanding, common stock. The stock which was distributed, the treasury stock, was distributed to all of the stockholders in proportion to their stockholdings in December of 1937. In *Eisner* v. *Macomber*, 252 U. S. 189, it was held that a distribution of common stock as a dividend on common stock did not constitute income. Is not that holding applicable here? Does it make a material difference that the stock distributed here was treasury stock? It is clear that the distribution of the stock in question did not confer any different rights or interests than did the stock already held by the stockholders. The new certificates, plus the old, represented the same proportionate interest in the net assets of the corporation as did the old. Cf. *Koshland* v. *Helvering*, *supra*. In our opinion it makes no difference that the stock which was distributed was treasury stock.

The argument of respondent is based largely upon an assumption that the reacquired stock was an asset, property, of the corporation. That assumption appears to be against the weight of authority. Treasury stock is usually regarded as "retired" in the sense that it no longer constitutes a liability of the corporation because a corporation can have no right of action against itself. See *Borg* v. *International Silver Co.*, 11 Fed. (2d) 147, 150, where it was said by the Circuit Court of Appeals for the Second Circuit:

Indeed, the only difference between a share held in the treasury and one retired is that the first may be resold for what it will fetch on the market, while the second has disappeared altogether. * * * They (Treasury stock) are not a present asset, because, as they stand, the defendant (the corporation) cannot collect upon them. What in fact they are is an opportunity to acquire new assets for the corporate Treasury by creating new obligations.

Most authorities lead to the view that treasury stock is not stock at all. See Virginia Law Review, vol. 15, pp. 637, 638, where it is said:

\* \* \* Whenever a corporation gives *anything* for its own stock, the corporation is out an asset. Against that it has left only the possibility that some day, under some circumstances, it may succeed in getting value back into the treasury to replace the value it has lost, by the process of again selling this "treasury stock" which meanwhile, in actual truth, represents a void.

See also Model Corporation Act, Harvard Law Review, vol. 48, p. 1373: "Treasury shares shall not be considered or carried as an asset for any purpose."

In our opinion it is an exceedingly doubtful theory that reacquired stock such as is involved here is to be treated as "property" in the way that stock of another corporation held in a corporation's assets is property. Unless it can be held that the stock which was distributed to petitioner was "property", as in the latter instance, we can not hold that the petitioner realized "income" upon receipt of the stock in question. To whatever extent article 27 (c)–1 of Regulations 94 is appropriately applicable here, it must be concluded that the stock dividend in question was not paid in "property" of the corporation.

It is held that the stock dividend in question did not constitute income to the petitioner.

*Decision will be entered for the petitioner.*